Plaintiff, Elmo Shropshire
2521 Laguna Vista Drive
Novato, CA 94945
Phone: 415-897-7797
Fax: 415-897-1691
E-mail: docelmo@msn.com
Pro Se

FILED
2010 MAY -5 P 2: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| Elmo Shropshire, d/b/a Elmo Publishing<br><br>Plaintiff, vs.<br><br>Aubrey Canning, Jr.,<br><br>& YouTube, Inc.<br><br>Defendants | Case No.: CV10-01941 JL<br><br>COMPLAINT FOR INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT |

Dated this May 3, 2010

_____
Elmo Shropshire,
Plaintiff

JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Digital Millennium Copyright Act ("DMCA")(17 U.S.C 512 (c)(3). The Defendants have consented to jurisdiction in this District. (EXHIBIT 1, Defendant, Mr. Canning)(EXHIBIT 2, page 4, No. 14 YouTube)

2. Plaintiff believes the Venue is proper because the Defendants are subject to personal jurisdiction in this district. 28 USCA § 1400 (a)

[**Summary of pleading**] - 1

## PARTIES

3. Plaintiff, Elmo Shropshire, is an individual, a natural person, a competent adult.

4. Plaintiff, Elmo Publishing/Laughing Stock Records is a sole proprietorship with its principal place of business at 2521 Laguna Vista Drive, Novato, CA 94945.

5. Plaintiffs are informed and believe that Defendant Aubrey W. Canning, Jr., is a Canadian citizen, whose principal residence is at 135 North Windemere Avenue, Thunder Bay Ontario, Canada P7A 6B5. Defendant YouTube is a California Corporation based at 901 Cherry Avenue, San Bruno California, 94066. Canning and YouTube are hereinafter referred to as Defendants.

## BACKGROUND FACTS

6. Elmo Publishing and Kris Publishing are co-owners of the copyright to the composition "Grandma Got Run Over by a Reindeer," hereinafter referred to as the (Subject "Song") copyright #PA54-401 with an effective date of registration December 27, 1979. (EXHIBIT 3)

7. On Friday, December 25, 2009, Pam Wendell, Plaintiff's office manager sent an e-mail message to Defendant, Mr. Canning informing him that his video posted on YouTube, (http://www.youtube.com/watch?v=u9jmr0MgFKU) , was in copyright infringement. The underlying composition, "Grandma Got Run Over

1  by a Reindeer" in the video was not licensed, and requested that
2  Defendant remove it. (EXHIBIT 4)
3       8. On Friday, December 25, 2009, Defendant answered Ms.
4  Wendell's e-mail, claiming he "has no experience whatsoever in
5  licensing matters...and whatever I need do to meet your
6  requirements, no problem at all. Just let me know, I will be
7  more than happy to do so." (EXHIBIT 4)
8       9. On Monday, December 28, 2009, Ms. Wendell sent an e-mail
9  to Defendant explaining that in order to continue using the
10 composition ("Grandma" Song) in Defendant's video on YouTube, it
11 needs to be licensed from the Publisher. Ms. Wendell, on behalf
12 of the Plaintiff, requested the video be taken down from YouTube
13 until Defendant secured the license. (EXHIBIT 5)
14      10. On Monday December 28, 2009, Defendant answered
15 Plaintiff's request to license the "Song" by writing that
16 Plaintiff is a "genuine laughing stock," "coldhearted," and a
17 "scrooge," for requesting Defendant obtain a license for use of
18 the "Song." Defendant further states: *"Go ahead, contact the*
19 *video site managers and get my video removed. I won't be doing*
20 *it. Keep in mind 1 thing tho: I still have my Grandma video on*
21 *my computer. I thereby can re-upload it again to any website*
22 *that I so desire. There are hundreds on the net that will accept*
23 *it. You will have to hire lawyers to keep track of where I*
24 *upload it to. Then, when you sue me, I can see the CNN headlines*
25 *now: Small-time laughingstock recording company sues Irish*

[Summary of pleading] - 3

1  *Rovers fan for his cheerful, joyous video."* Defendant refuses to
2  remove his infringing video, and makes it clear that he
3  understands he is in copyright infringement, and further that he
4  intends to continue his infringement by loading his infringing
5  video on as many sites as possible. (EXHIBIT 6)
6     11. On December 29, 2009, Plaintiff filed a Copyright
7  Infringement Notification with YouTube, requesting the removal
8  of Defendants video. YouTube removed the infringing video.
9  (EXHIBIT 7)
10    12. On December 30, 2009, YouTube sent a message via e-mail
11 to Plaintiff stating that it was "Concerned that Plaintiff's
12 submission was fraudulent." Plaintiff answered YouTube,
13 providing proof and documentation that Plaintiff is the
14 copyright owner. Plaintiff e-mailed his copyright ownership
15 documents to YouTube on January 5, 7, 19, and 20. Plaintiff
16 mailed hard copies of his copyright ownership papers to YouTube
17 by US Mail on January 27. (EXHIBIT 8)(EXHIBIT 3)(EXHIBIT 22)
18    13. On January 4, 2010, Plaintiff received a message from
19 YouTube stating that Defendant filed a counter-notice with
20 YouTube. According to YouTube's Terms of Service, a Counter-
21 Notice can be filed "If you believe that your user submission
22 was removed is not infringing, or that you have the
23 authorization from the copyright owner, or the copyright owner's
24 agent." (EXHIBIT 9, page 3, 8. B.)
25

[Summary of pleading] - 4

14. Plaintiff notified Defendant on December 25, & 28, that Defendant was infringing on the Plaintiff's copyright, and that Defendant had no right to use the Composition, "Grandma Got Run Over by a Reindeer." Defendant's counter-notification claims "<u>I have the good faith belief that the material was removed due to a mistake or misidentification of the material to be removed.</u>" Plaintiff e-mails of December 25 & 28 (EXHIBITS 4 & 5)made it clear to Defendant that removal of the video was no mistake or misidentification; and that Plaintiff requested that Defendants' Canning and YouTube remove the video from YouTube because of Defendant's failure to license the Song. (EXHIBIT 1, YouTube's attached counter-notification)(EXHIBIT 7)

15. On Wednesday, January 6, 2010, Plaintiff faxed a Content Verification Program Application to YouTube, describing the copyrights that Plaintiff owns, including the composition, "Grandma Got Run Over by a Reindeer." With this application, Plaintiff made it clear to YouTube that Plaintiff was the copyright owner of the Composition in question. (EXHIBIT 10)

16. On January 7, 2010, Plaintiff explained to YouTube that the Defendant does not own the copyright or have the Publisher's (Plaintiff's) permission to use the composition, and that use of the Song in Defendants video on YouTube is infringing on Plaintiff's copyright.  (EXHIBIT 11)

17. On January 19, 2010, YouTube notified the Plaintiff that YouTube was reinstating Defendant's infringing video on

1 YouTube. Plaintiff responded to YouTube, providing proof that
2 Plaintiff is the copyright owner, and that the Defendant does
3 not have permission to use the Song in the video. (EXHIBIT 12)
4     18. On January 19, Plaintiff requested, for the third time
5 that YouTube remove the infringing video. YouTube ignored
6 Plaintiff's proof of copyright ownership, and enabled the
7 infringer by reinstating the video. Plaintiff informs YouTube
8 that continuing to broadcast this infringing video constitutes
9 copyright infringement on the part of YouTube. (EXHIBIT 13)
10     19. YouTube reinstates the infringing video on January 20,
11 2010. (EXHIBIT 15)
12     20. On January 21, 2010, Plaintiff's legal representative,
13 Jerry Butler called Defendant, and spoke to Defendant's wife and
14 explained that Defendant's video was infringing on Plaintiff's
15 copyright and requested that Defendant remove the infringing
16 video. Mr. Butler sent a follow up e-mail to Defendant
17 explaining that he was infringing on the Plaintiff's copyright
18 and why "fair use" does not apply. Mr. Butler also outlined the
19 statutory damages resulting from willful copyright infringement
20 of up to $150,000 per copyright. (EXHIBIT 14).
21     21. January 21, 2010, Defendant replied to Mr. Butler's e-
22 mail, stating: "Set the Court Date," thus inviting legal action
23 for copyright infringement. (EXHIBIT 14)
24
25

22. January 24, 2010, Plaintiff files a Copyright Infringement Notification with YouTube demanding removal of the Defendant's infringing video. (EXHIBIT 16)

23. January 24, 2010 YouTube continues the infringement by continuing to broadcast the infringing video. (EXHIBIT 17)

24. January 24, 2010, YouTube answers Plaintiff's request for removal of the video by informing Plaintiff that he can sign up for the Content Verification Program. (A Program Verifying Ownership of Copyrights) (EXHIBIT 10) Plaintiff signed up for that Program on January 6, 2010. Plaintiff informs YouTube that by keeping the video up, YouTube is enabling the infringer, which makes YouTube a party to copyright infringement. Defendant also informs YouTube that he will take legal action against YouTube if it does not remove the infringing video. (EXHIBIT 18)

25. January 25, 2010. YouTube informs Plaintiff that it received a counter-notification from the uploader (Defendant). Plaintiff replies to YouTube that there is nothing in the infringing Defendant's counter-notification that gives Defendant the right to use the song, and that YouTube's persistence in showing the infringing video is forcing Plaintiff to take legal action against YouTube. (EXHIBIT 19)

26. January 25, 2010, Plaintiff files a Copyright Infringement Notice for removal of the Defendant's video. (EXHIBIT 20)

27. YouTube acknowledges receipt of Plaintiff's Copyright Infringement Notice. YouTube does not remove the infringing video, requiring Plaintiff to obtain a court order against Defendant(s). (EXHIBIT 21)

28. Plaintiff writes letter to Shadie Farazian of YouTube which outlines the copyright infringement problem with Defendant, Mr. Canning and asking for help. Included in the letter was proof of Plaintiff's copyright ownership, content verification, and a SonyBMG CD to further verify Plaintiff's ownership of the copyright. (EXHIBIT 22)

30. On February 2, 2010, Plaintiff e-mailed Defendant, Canning, and copied YouTube asking them to remove the infringing video in order to avoid costly litigation on both sides. (EXHIBIT 23)

31. On February 2, 2010, YouTube answered Plaintiff's request for removal of the video, with a message stating "you were given ten days to notify us that you had filed an action seeking a court order to restrain the counter-notifier's allegedly infringing activity. (EXHIBIT 24)

**PRAYER FOR RELIEF**

32. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 31, inclusive, and incorporates them herein by this reference.

33. By his actions alleged above, Defendant, Aubrey Canning, Jr. willfully infringed, and continues to infringe on

Plaintiff's copyright in and relating to the Subject Song by continuing to synchronize it with images to create a video, and uploading that video on the YouTube website for worldwide distribution. By it's actions alleged above, YouTube continues to infringe on Plaintiff's copyright by continuing to air the infringing video on it's site despite Plaintiff's indisputable claim of copyright, and demands on YouTube to remove the infringing video.

34. Plaintiff is entitled to an injunction restraining Defendants, Canning, and YouTube, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

35. Under 17 U.S.C. 504 plaintiff is further entitled to recover from Defendants' statutory damages as a result of Defendants' willful acts of infringement alleged above. As defendants' action are clearly willful, as shown in paragraphs, 10, 13, 16, 17, 18, 19, 20, 22, 23, 24, & 26, Plaintiff seeks $150,000 in compensation, plus all legal fees and court costs incurred, and the amount of damages set by law for willful copyright infringement.

SUMMARY

Defendant, Aubrey Canning, Jr. uploads Plaintiff's composition on YouTube without permission. Plaintiff requests Defendant either license or remove composition from the video. Defendant refuses to do either. Plaintiff files a copyright

1  infringement notification to have the video removed. After
2  YouTube removes the infringing video, Defendant files a counter-
3  notification with YouTube. The counter-notification provides no
4  reason for YouTube to reinstate the video. Plaintiff notifies
5  Defendant, Canning, he is in copyright infringement on December
6  25, 28, 2009 and on February 2, 2010. Plaintiff requests that
7  YouTube remove the infringing video on December 29, 2009,
8  January 7, 19, 20, 24, 25, 27, and February 2, 2010. Each time
9  Plaintiff asked YouTube for removal of the video, YouTube
10 responded with the message the Plaintiff had to get a court
11 order to restrain the Defendant(s). Plaintiff has repeatedly
12 requested Defendants to remove the infringing video from
13 December of 2009 through April 26th, 2010. Defendants continue to
14 infringe.

16 DATED: May 3, 2010
17                                    Elmo Shropshire, Pro Se

21                          By: _____
22                          ELMO SHROPSHIRE, Pro Se, for
23                          ELMO PUBLISHING

[Summary of pleading] - 10