UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELMO SHROPSHIRE, D/B/A ELMO PUBLISHING, <br><br> Plaintiff, <br><br> v. <br><br> AUBREY CANNING, JR., <br><br> Defendant. | Case No.: 10-CV-01941-LHK <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br> (re: docket #42) |

"Granma Got Run Over By A Reindeer" is a holiday song written by Randy Brooks in 1979 and performed by Elmo Shropshire and Patsy Trigg. In this copyright infringement suit, Plaintiff Elmo Shropshire claims that he co-owns the copyright to the musical composition of the song and that Defendant Aubrey Canning, Jr., who resides in eastern (Ontario) Canada, uploaded, and failed to remove, an infringing video on YouTube.[1] Presently before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(6) for failure to state a claim and 12(b)(7) for failure to join necessary parties. Pursuant to the Civil Local Rule 7-1(b), the Court deems

---

[1] Plaintiff Shropshire and Defendant Canning have each proceeded *pro se* for most of this litigation. On November 8, 2010, however, counsel appeared for Plaintiff and filed an Opposition to the pending motion to dismiss.

1

Case No.: 10-CV-01941-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  Defendant's motion to dismiss appropriate for resolution without oral argument. For the reasons

2  below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

4  Plaintiff Elmo Shropshire, also known by his stage name of "Dr. Elmo," is known for his performance of the song "Grandma Got Run Over By A Reindeer" (hereinafter "Grandma"). Pl.'s First Am. Compl. ("FAC") ¶¶ 7-8. The copyright to the underlying musical composition of the song is co-owned by Plaintiff, d/b/a Elmo Publishing, and by Patricia Trigg, d/b/a Kris Publishing. *Id*. at ¶ 10. Under a 1996 Co-Publishing Agreement, another entity, Evergreen Copyrights, has acted as the "Exclusive Copyright Administrator" of the musical composition of "Grandma" for Elmo Publishing and Kris Publishing. *Id*. Pursuant to the terms of that Agreement, Evergreen is "the exclusive administrator of the copyrights and renewal rights in the Compositions and shall have the full and exclusive right to control the administration of the Compositions," and has the exclusive right to negotiate "all contracts and licenses" for the musical composition to "Grandma." *See* May 14, 1996 "Exclusive Copyright Administration Agreement," attached as Exhibit 27 to FAC. Evergreen is also the "third party 'tie breaker'" if the co-owners are in disagreement regarding any license. *Id*. Plaintiff alleges that he is entitled to 22.5% of the royalties from the "Grandma" song. Despite the Agreement giving Evergreen exclusive licensing rights, Plaintiff submits that he, as the co-copyright owner, continues to "police" any potential infringement.

Plaintiff alleges that Defendant posted a video on YouTube, which combined pictures of reindeer with audio of a Canadian musical group, "The Irish Rovers," singing "Grandma." *Id*. at ¶ 15. On December 25, 2009, Plaintiff's Office Manager sent Defendant an e-mail informing him that the video constituted copyright infringement. *Id*. at ¶ 11. Specifically, the Office Manager informed Defendant that the underlying musical composition was not licensed, and requested that Defendant remove the video from YouTube. *Id*. Defendant, however, did not remove the video. On December 29, 2009, Plaintiff filed a "Copyright Infringement Notification" with YouTube, requesting the removal of the video. *Id*. at ¶ 16. YouTube removed the video, but then reinstated it on January 4, 2010 after Defendant filed a counter-notice with YouTube. *Id*. at ¶ 18. In that counter-notice, Defendant stated that he believed the video constituted "fair use" and that he had a

"good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." *See* January 4, 2010 Counter-Notice, attached as Exhibit 1 to FAC. Important to the analysis below, Defendant's counter-notice included an express "consent" to the judicial district in which YouTube is located (i.e., the Northern District of California). Under YouTube's service terms, Defendant was required to sign this consent form in order to file the counter-notice. *See* FAC ¶ 19.

After YouTube's reinstatement of the video, Plaintiff sent numerous e-mails to YouTube requesting removal of the video throughout January and February 2010. Those efforts were ultimately unsuccessful, as YouTube refused to remove the video even though Plaintiff explained to YouTube "that there is nothing in the infringing Defendant's counter-notification that gives Defendant the right to use the song, and that YouTube's persistence in showing the infringing video forcing Plaintiff to take legal action against YouTube. *Id.* at ¶ 30. On May 3, 2010, Plaintiff filed his original complaint against YouTube, Inc. and Aubrey Canning, Jr. pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Plaintiff voluntarily dismissed YouTube, Inc. from this litigation on June 4, 2010. *See* June 4, 2010 "Notice of Voluntary Dismissal with Prejudice of YouTube, Inc." [dkt. #6]. On October 18, 2010, still acting in a *pro se* capacity, Plaintiff filed an amended complaint, adding a claim of direct copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 106 based on Defendant's unlicensed creation of the video synchronizing images of reindeer with audio of the Irish Rovers singing "Grandma."

## II. DISCUSSION

Plaintiff's FAC does not include separate counts or causes of action, but the parties agree that two claims are at issue: 1) copyright infringement in connection with Defendant's unlicensed creation of the synchronized video; and 2) misrepresentation under the DMCA in connection with Defendant's counter-notice to YouTube, which resulted in the video's reinstatement. Defendant has moved to dismiss on various grounds. As described in the analysis below, the Court concludes that Plaintiff's first claim (copyright infringement) fails because the Copyright Act does not extend to conduct performed wholly outside the United States. Plaintiff's second claim (misrepresentation

1  under the DMCA) is dismissed for failure to state a claim and for failure to join necessary and

2  indispensable parties. Plaintiff is granted leave to amend both claims.

3  **A. Plaintiff's First Claim (Copyright Infringement)**

4  **1. Legal Standard for Dismissal under 12(b)(1)**

5  In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as

6  the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject

7  matter jurisdiction. *See Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499

8  (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves

9  otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673,

10  1675, 128 L. Ed. 2d 391 (1994). When considering a motion to dismiss pursuant to Rule 12(b)(1),

11  the district court may review any evidence, such as affidavits and testimony, to resolve factual

12  disputes concerning the existence of jurisdiction. *See McCarthy v. United States,* 850 F.2d 558,

13  560 (9th Cir.1988).

14  Defendant moves for dismissal of Plaintiff's first claim under Rule 12(b)(1) on the ground

15  that the Court lacks subject matter jurisdiction because any potential copyright infringement

16  occurred entirely in Canada outside the coverage of U.S. law.

17  **2. Analysis of Plaintiff's Copyright Infringement Claim**

18  Section 106 of the Copyright Act provides that copyright owners have exclusive rights to:

19  1) reproduce copyrighted work; 2) prepare derivative works; 3) distribute and sell copies; 4)

20  perform the copyrighted work; and 5) display the copyright work. *See* 17 U.S.C. § 106 (discussing

21  five categories of rights). Section 504 of the Copyright Act provides that remedies for copyright

22  infringement may include actual damages or profits and statutory damages. *See* 17 U.S.C. § 504.

23  For example, statutory damages of up to $150,000 are available in cases in which the court

24  determines "that infringement was committed willfully." *Id*. at § 504(c)(2). It is an "undisputed

25  axiom that United States copyright law has no extraterritorial application." *See Subafilms, Ltd. v.*

26  *MGM-Pathe Communications Co.,* 24 F.3d 1088, 1093 (9th Cir. 1994). "Because the copyright

27  laws do not apply extraterritorially, each of the rights conferred under the five section 106

28  categories must be read as extending "no farther than the [United States'] borders." *Id*. at 1094.

For the Copyright Act to apply, "at least one alleged infringement must be completed entirely within the United States." *See Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 990-91 (9th Cir. 1998). The Ninth Circuit has ruled, "[re]cognizing the importance of avoiding international conflicts of law in the area of intellectual property, however, we have applied a more robust version of this presumption to the Copyright Act, holding that the Act presumptively does not apply to conduct that occurs abroad even when that conduct produces harmful effects within the United States." *See Omega S.A. v. Costco Wholesale Corp.*, 541 F.3d 982, 988 (9th Cir. 2008).

Plaintiff alleges that Defendant's creation of a synchronized video of reindeer images set to the "Grandma" audio constitutes willful copyright infringement. *See* FAC ¶ 38. The creation of the video, however, occurred entirely in Canada, and thus cannot constitute copyright infringement under well-settled law. *See, e.g.*, *Doe v. Geller*, 533 F. Supp. 2d 996, 1003 (N.D. Cal. 2008) ("United States copyright laws do not apply extraterritorially.").

In his Opposition to Defendant's Motion to Dismiss, Plaintiff changes tack and argues that it was not the mere creation of the video that was infringement; rather, the infringing conduct occurred "partially" in the United States because Defendant uploaded his infringing video to YouTube's server, which, according to Plaintiff, is located in Mountain View, California. *See* Pl.'s Opp'n at 9. The Court rejects Plaintiff's argument. This allegation is not in Plaintiff's FAC, which describes the infringement merely as Defendant's creation of the video. There are no allegations that Plaintiff marketed or advertised the video in the U.S., distributed, sold or exported the video to U.S. customers, or received any profit from posting the video on YouTube; in fact, Plaintiff did not sell the video to anyone. *Compare Litecubes, LLC v. Northern Light Products Inc.*, 523 F.3d 1353 (Fed. Cir. 2008) (holding that Copyright Act does not reach conduct occurring entirely abroad, but may reach infringing conduct occurring partially in the United States such as marketing and sale of product to U.S. customers). Thus, Plaintiff's novel argument appears inconsistent with the robust presumption against the extraterritorial effect of the Copyright Act.

In any event, under the allegations pled in the FAC, the Court can discern no act of infringement that occurred entirely within the United States. Accordingly, Plaintiff's claim for

5

Case No.: 10-CV-01941-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

copyright infringement is dismissed. Although Plaintiff has not identified any act of infringement that occurred entirely within the United States in his FAC, it may be possible for Plaintiff to do so. Thus, Plaintiff is granted leave to amend. Any amended complaint must identify a specific act of infringement that occurred entirely within the United States.

### B. Plaintiff's Second Claim (Misrepresentation under DMCA)

Plaintiff's second claim is that Defendant violated the DMCA by filing a false counter-notice with YouTube, which resulted in YouTube re-posting the allegedly infringing video. Defendant moves to dismiss this second claim on four grounds: (1) because Plaintiff lacks standing as Evergreen Publishing Co. is the exclusive licensor of the "Grandma" song; 2) for lack of personal jurisdiction because Defendant resides in Canada and has no contacts with California; 3) for failure to state a claim under the DMCA claim because Plaintiff's FAC fails to identify any alleged "mistake" or "misrepresentation" in Defendant's counter-notice to YouTube; and 4) for failure to join necessary and indispensable parties, namely the co-owner of the copyright to the musical composition (Patsy Trigg) and the corporation that acts as the exclusive licensee for the musical composition (Evergreen Publishing).

The Court agrees with Plaintiff that the standing and jurisdictional requirements of the DMCA are satisfied. However, the second claim must be dismissed because Plaintiff has failed to state a claim and for failure to join necessary and indispensable parties.

### 1. The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512

In 1998, Congress adopted the DMCA, 17 U.S.C. § 512, in part to address copyright concerns with user-driven media, such as the YouTube internet website. Section 512(c) lays out a detailed process allowing a copyright owner who observes infringing content on a website like YouTube to have the content taken down. The copyright owner must send a notification to YouTube ("takedown notice") identifying the offending video and asserting under penalty of perjury that the sender is the copyright owner and has a good faith belief that the video infringes the sender's copyrights. *See* 17 USC § 512(c)(3). YouTube, in order to retain its "safe harbor," then must remove the material from its servers or face infringement liability itself. *See* 17 USC §

1    512(c)(1)(C). At issue in Plaintiff's second claim is the misrepresentation provision of the DMCA,

2    which provides:

3        (f) Misrepresentations.  Any person who knowingly materially misrepresents under

4        this section--

5            (1) that material or activity is infringing, or

6            **(2) that material or activity was removed or disabled by mistake or**

7            **misidentification,**

8        shall be liable for any damages, including costs and attorneys' fees, incurred by the

9        alleged infringer, by any copyright owner or copyright owner's authorized licensee,

10       or by a service provider, who is injured by such misrepresentation, **as the result of**

11       **the service provider relying upon such misrepresentation** in removing or

12       disabling access to the material or activity claimed to be infringing, or **in replacing**

13       **the removed material or ceasing to disable access to it.**

14   17 USC § 512(f) (bolded for emphasis).

15       Plaintiff sent YouTube a takedown notice on December 25, 2009, with which YouTube

16   complied on January 4, 2010.  Defendant then sent a counter-notice stating that he believed the

17   video constituted fair use and that he had a "good faith belief the material was removed due to a

18   mistake or misidentification of the material to be removed or disabled." *See* January 4, 2010

19   Counter-Notice, attached as Exhibit 1 to FAC.

20       **2.   Plaintiff's Standing under Section 512(f)**

21       Defendant contends that Plaintiff lacks standing to bring an action because "Plaintiff,

22   granting Evergreen Publishing a blanket 1996 exclusive license to 'control' and 'administer' the

23   copyright appears to transfer ownership and prevent him from suing." *See* Def.'s Mot. to Dismiss

24   at 12. Defendant is incorrect.  According to the allegation in the FAC, Plaintiff did not transfer his

25   ownership in the copyright to Evergreen Publishing, but rather contracted to have Evergreen

26   Publishing act as the copyright administrator and license negotiator.  Plaintiff, via his company

27   Elmo Publishing, and Kris Publishing co-own the copyright to the musical composition for

28   "Grandma."  Under Section 512(f), "any copyright owner" injured by a misrepresentation in a

7

Case No.: 10-CV-01941-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  DMCA counter-notice may bring suit for damages, including costs and attorney's fees.  *See* 17
2  U.S.C. § 512(f).  Plaintiff is such a copyright owner, and thus has standing to bring a DMCA
3  misrepresentation claim.

### 3. Personal Jurisdiction over Defendant

#### a. Legal Standard for Dismissal under 12(b)(2)

In a motion challenging personal jurisdiction, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists.  *See Data Disc, Inc v Systems Tech Assocs, Inc.*, 557 F2d 1280, 1285 (9th Cir 1977). When the motion to dismiss constitutes a defendant's initial response to the complaint, the plaintiff need only make a prima facie showing that personal jurisdiction, either general or specific, exists.  *See Data Disc*, 557 F.2d at 1285.

#### b. Analysis of Personal Jurisdiction over Defendant

Defendant also argues that the Court lacks personal jurisdiction, either general or specific, over him because he is a Canadian citizen without any contacts to California.  Defendant is correct that a court must have either general or specific jurisdiction in order to have *in personam* jurisdiction over him.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).  Here, however, Defendant expressly consented to this Court's jurisdiction by filing a DMCA counter-notice.  *See SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("a party has consented to personal jurisdiction when the party took some kind of affirmative act--accepting a forum selection clause, *submitting a claim*, filing an action--that fairly invited the court to resolve the dispute between the parties.").  Specifically, Defendant's counter-notice to YouTube stated: "I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."  *See* January 4, 2010 Counter-Notice, attached as Exhibit 1 to FAC.  Defendant voluntarily chose to invoke the benefits of the DMCA, which resulted in YouTube's re-posting of Defendant's video.

Accordingly, as Defendant expressly consented to this Court's personal jurisdiction, his motion to dismiss on this ground is denied.

8

Case No.: 10-CV-01941-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### 4. Failure to State a Claim for DMCA Misrepresentation

#### a. Legal Standard for Dismissal under 12(b)(6)

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."' *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If the Court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

#### b. Analysis of Plaintiff's DMCA Misrepresentation Claim

As noted above, any person who makes a willful misrepresentation in a DMCA counter-notice may be liable for damages to an injured copyright owner if, as a result of the service provider relying upon such misrepresentation, the misrepresentation causes injury to the copyright owner. *See* 17 U.S.C. § 512(f). Defendant argues that Plaintiff's DMCA misrepresentation claim fails to state a claim for relief under Rule 12(b)(6). Specifically, Defendant contends that Plaintiff has only made the conclusory allegation that Defendant's counter-notice violated the DMCA without identifying a specific misrepresentation. Plaintiff's Opposition to Defendant's Motion to Dismiss contains no response to Defendant's argument on failure to state a claim.

The Court agrees with Defendant that Plaintiff has failed to identify any specific misrepresentation in the counter-notice sent to YouTube. Defendant did not claim to have specific rights to the musical composition for "Grandma," nor did Defendant claim that he had permission

from the copyright owners to use "Grandma." Rather, Defendant only stated that he believed his video was "fair use" and that he had "a good faith belief the material was removed due to a mistake or misidentification of the material removed or disabled." Fair use of a copyrighted work does not constitute copyright infringement, and in order to proceed under the DMCA, a copyright owner must evaluate whether the material made fair use of the copyright. *See Lenz v. Universal Music Corp.*, 572 F. Supp. 2d 1150, 1154 (N.D. Cal. 2008) ("in order for a copyright owner to proceed under the DMCA with 'a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law,' the owner must evaluate whether the material makes fair use of the copyright."). Plaintiff's primary dispute appears to be with YouTube, a party that Plaintiff voluntarily dismissed from this action. *See, e.g.*, FAC ¶ 30 (where Plaintiff alleges he informed YouTube "that there is nothing in the infringing Defendant's counter-notification that gives Defendant the right to use the song, and that YouTube's persistence in showing the infringing video forcing Plaintiff to take legal action against YouTube.").

In any event, Plaintiff has failed to identify a specific misrepresentation in Defendant's DMCA counter-notice. Accordingly, Defendant's motion to dismiss Plaintiff's DMCA misrepresentation claim is granted with leave to amend. In any amended complaint, Plaintiff must identify a specific misrepresentation and explain how that misrepresentation caused him injury.

### 5. Joinder of Necessary and Indispensable Parties

#### a. Legal Standard for Dismissal under Rule 12(b)(7)

Fed. R. Civ. P. 12(b)(7) authorizes this Court to dismiss an action if a plaintiff has failed "to join a party under Rule 19." Fed. R. Civ. P. 19(a) provides, *inter alia*, that a person "must be joined as a party" if "in that person's absence, the court cannot accord complete relief among existing parties." If that required person cannot be joined, then "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The Rule 19 inquiry is "fact specific," and the party seeking dismissal has the burden of persuasion. *See Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990).

### b. Analysis of the Need to Join Necessary and Indispensable Parties

Although the Court has dismissed Plaintiff's DMCA misrepresentation for failure to state a claim, a discussion regarding the potential joinder of other parties is necessary since the Court is granting leave to amend. "In determining whether a party is 'necessary' under Rule 19(a), a court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." *See Shermoen v. U.S.,* 982 F.2d 1312, 1317 (9th Cir. 1992) (citation omitted). A party is also "necessary" if disposing of the action in the person's absence may "(i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Defendant argues that Patsy Trigg (of Kris Publishing), co-owner of the copyright to the musical composition, and Evergreen Publishing, the undisputed exclusive licensor of the song, are necessary parties to this action. Plaintiff's Opposition to the Motion to Dismiss states that Plaintiff "disclaims" damages in excess of 22.5%, the percentage of royalties to which Plaintiff would be entitled, and thus Ms. Trigg and Evergreen Publishing are not necessary parties. *See* Pl.'s Opp'n at 2-3. This allegation is not in the FAC or in any attached exhibit, and is thus inappropriate for consideration on a motion to dismiss.

While there are limited factual allegations regarding the relationship between Plaintiff, Kris Publishing, and Evergreen Publishing, even these limited facts suggest that Kris Publishing, the co-owner of the copyright, is a necessary and indispensable party to this action. Pursuant to the May 14, 1996 "Exclusive Copyright Administration Agreement," attached as Exhibit 27 to the FAC, Plaintiff may not grant licenses for the musical composition to "Grandma" without approval from Kris Publishing. Moreover, under that Agreement, Kris Publishing is entitled to a portion of "all royalties, monies, and all other compensation" associated with musical composition. *Id.* at ¶ 3. If Plaintiff were to receive any monetary judgment for Defendant's alleged copyright infringement, Kris Publishing would be entitled to its share of the proceeds. In addition, without Kris Publishing's participation in this action, Defendant would be subject to substantial risk of incurring

double, multiple, or otherwise inconsistent obligations.  *See Makah Indian Tribe v. Verity*, 910 F.2d 555 (9th Cir. 1990) (upholding dismissal for failure to join necessary party where absent party had "legally protected interest" and where existing party would face risk of inconsistent obligations). For example, even if Defendant ultimately prevails in this action, there is no bar to Kris Publishing bringing its own copyright infringement claims against Defendant for the same conduct.  In sum, Kris Publishing has a legally protected interest in the subject of this suit and should be joined as a necessary party.

It is not clear whether Evergreen Publishing is also a necessary and indispensable party. Under the Copyright Administration Agreement, Evergreen Publishing is apparently the exclusive licensing agent and is entitled to ten percent of gross receipts from royalties.  However, the Agreement is silent as to other aspects of Evergreen Publishing's role, including its role, if any, in copyright enforcement actions.  On these limited facts, the Court declines, at least at this time, to find Evergreen Publishing a necessary and indispensable party.

### III.   CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Any amended complaint must be filed within thirty (30) days of the date of this Order.  Failure to timely amend will result in dismissal of Plaintiff's claims with prejudice. The motion hearing and Case Management Conference scheduled for January 13, 2011 are vacated.

**IT IS SO ORDERED.**

Dated: January 11, 2011

_____
LUCY H. KOH
United States District Judge