THE LANIER LAW FIRM, P.C.
Christopher D. Banys    (SBN: 230038)
Daniel M. Shafer        (SBN: 244839)
Nicholas S. Mancuso     (SBN: 271668)
cdb@lanierlawfirm.com
dms@lanierlawfirm.com
nsm@ lanierlawfirm.com
2200 Geng Road, Suite 200
Palo Alto, CA  94303
Telephone:     (650) 322-9100
Facsimile:     (650) 322-9103

Attorneys for Defendant
AUBREY CANNING, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELMO SHROPSHIRE, d/b/a ELMO PUBLISHING,<br><br>               Plaintiff,<br><br>v.<br><br>AUBREY CANNING, JR.<br><br>               Defendants. | Case No.  5:10-CV-01941-LHK<br><br>**DEFENDANT AUBREY CANNING, JR.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**DATE:**     **December 22, 2011**<br>**TIME:**     **1:30 P.M.**<br>**PLACE:**   **Courtroom 4**<br>**JUDGE:**   **Hon. Lucy H. Koh**<br><br>**DEMAND FOR JURY TRIAL** |

AUBREY CANNING, JR.'S
MOTION TO DISMISS
CASE NO: 5:10-CV-01941-LHK

1

**<u>NOTICE OF MOTION</u>**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

      PLEASE TAKE NOTICE that on December 22, 2011, or as soon thereafter as the

4

matter may be heard, in the United States District Court for the Northern District of

5

California, Courtroom 4, on the 5th Floor, at 280 South First Street, San Jose, California

6

95113, Canning Aubrey Canning, Jr., will, and hereby does move the Court, pursuant to

7

Federal Rules of Civil Procedure 12(b)(7) for an Order dismissing Plaintiff Elmo

8

Shrophire, d/b/a Elmo Publishing's Second Amended and Supplemental Complaint

9

("SASC").

10

      This Court should dismiss Elmo's entire SASC under Federal Rules of Civil

11

Procedure 12(b)(7) because Elmo has dismissed with prejudice Trigg, co-owner of the

12

asserted copyright.  Accordingly, Canning respectfully moves to dismiss the SASC with

13

prejudice.

14

15

Dated: November 10, 2011              THE LANIER LAW FIRM, P.C.

16

17

                            By: */s/ Nicholas S. Mancuso*

| | |
|---|---|
| Christopher D. Banys | SBN: 230038 |
| Daniel M. Shafer | SBN: 244839 |
| Nicholas S. Mancuso | SBN: 271668 |

18

19

20

                             Attorneys for Defendant
                             AUBREY CANNING, JR.

21

22

23

24

25

26

27

28

1               **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.      INTRODUCTION**

3       In this Court's order granting a previous motion to dismiss in January 2011, Elmo

4 Shropshire ("Dr. Elmo") was ordered to join the co-owner of "Grandma" copyright,

5 Patricia Trigg (d/b/a Kris Publishing), also Elmo's ex-wife, as an indispensible party to

6 this suit because she has a legally protected interest in the subject of this suit and because

7 Aubrey Canning could face the risk of inconsistent obligations if she were not so joined.

8 But Trigg was not a willing party.  Dr. Elmo followed the Court's order and added Trigg

9 to the complaint in the SASC–not as a co-plaintiff–but as a defendant.

10       However, before Trigg ever answered or appeared in this Court, Dr. Elmo settled

11 with Trigg and stipulated to her dismissal from this case with prejudice.  Despite her

12 indispensible status, Trigg is now out of this case for good and Canning is once again left

13 subject to double, multiple, or otherwise inconsistent obligations.  Dr. Elmo has

14 effectively undone this Court's order requiring Trigg to be a part of this case, subjecting

15 Canning to exactly the kinds of inconsistent obligations Federal Rule 19(a)(1) seeks to

16 protect.  For the same reasons cited in this Court's previous Order, this Court should

17 again dismiss this case.  But because Trigg cannot be rejoined, dismissal should be with

18 prejudice.

19 **II.      PROCEDURAL HISTORY**

20       Dr. Elmo originally filed suit against Canning on May 5, 2010.  Dkt No. 1.  Dr.

21 Elmo amended his complaint on October 18, 2010.  Dkt. No. 33.  Canning filed a Motion

22 to Dismiss the First Amended Complaint on October 27, 2010.  Dkt. No. 38, corrected

23 Dkt. No. 42.  This Court granted Canning's motion to dismiss with leave to amend on

24 January 11, 2011.  Order Granting Canning's Motion to Dismiss with Leave to Amend,

25 Dkt. No. 60 ("Order").  In that order, this Court deemed Trigg a "necessary and

26 indispensible party to this action."  *Id*. at 11.  In doing so, this Court granted leave to

27 amend the complaint so long as Trigg is "joined as a necessary party."  *Id*. at 12.

28       Dr. Elmo filed his SASC February 10, 2011, adding Trigg as a defendant.  SASC.

AUBREY CANNING, JR.'S
MOTION TO DISMISS          2
CASE NO: 10-CV-01941-LHK

1   Trigg was added as a defendant and not a co-plaintiff because Trigg "failed to respond"

2   to the request to be added as a co-plaintiff. *Id*. at 19. Dr. Elmo further stated that he

3   "reserve[d] the right to seek realignment of Kris [Trigg] as an involuntary plaintiff." *Id*.

4   at ¶ 1. However, Trigg was not realigned as an involuntary plaintiff. Before Trigg ever

5   responded to the complaint or made any appearance in this Court, Dr. Elmo and Trigg

6   stipulated to her dismissal with prejudice. Dkt. No. 94. Canning was not a part of this

7   settlement agreement between Dr. Elmo and Trigg. This Court signed Trigg's dismissal

8   with prejudice on October 7, 2011. Dkt. No. 95. Now Canning is in the exact same

9   position he would have been had Trigg never been added as a party to the SASC at all.

10   **III.     LEGAL STANDARDS**

11          Canning moves to dismiss the SASC under Federal Rule 12(b)(7) for failure to

12   join an indispensable party under Rule 19(a)(1). Fed. R. Civ. P. 12(b)(7) authorizes this

13   Court to dismiss an action if a plaintiff has failed "to join a party under Rule 19." A

14   person "must be joined as a party" if "in that person's absence, the court cannot accord

15   complete relief among existing parties." Fed. R. Civ. P. 19(a). If that person cannot be

16   joined then "the court must determine whether, in equity and good conscience, the action

17   should proceed among the existing parties or should be dismissed." Fed. R. Civ. P.

18   19(b).

19          Though a district court may give plaintiffs leave to amend a complaint,

20   "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v.*

21   *Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003) (citations omitted). "A district court

22   does not err in denying leave to amend where the amendment would be futile, or where

23   the amended complaint would be subject to dismissal." *Saul v. U.S.*, 928 F. 2d 829, 843

24   (9th Cir. 1991).

25          This Court has already reviewed this now-settled issue and the previous Order is

26   the law of the case. "As most commonly defined, the doctrine of the law of the case

27   posits that when a court decides upon a rule of law, that decision should continue to

28   govern the same issues in subsequent stages in the same case." *Christianson v. Colt*

1   *Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988).  "This rule of practice promotes

2   the finality and efficiency of the judicial process by 'protecting against the agitation of

3   settled issues.'"  *Id.*, *citing* 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice

4   ¶ 0.404[1], p. 118 (1984).

5   **IV.    ARGUMENT**

6          This Court has already found that Trigg is an indispensible party and dismissed

7   this action until she was joined.  Order at 10-12.  As a co-owner of the "Grandma"

8   copyright, this Court has already found that she has a "legally protected interest in the

9   subject of this suit" and that "she should be joined as a necessary party."  Order at 12.

10  Dr. Elmo agreed that she has a legally-protected interest in this case when he wrote in the

11  SASC:

12          Kris holds rights that may be affected by adjudications made in this action.  Kris
            may wish to assert any rights she has, and may wish to assert claims against
13          Canning or any other party. Kris may wish to assert a right to receive a portion of
            Dr. Elmo's recovery in this suit. If so, then a dispute exists between the parties
14          that is appropriate for judicial determination.

15  SASC at ¶ 72.

16         Because Trigg has a legally protected interest in this case and is a necessary

17  party, Canning would be susceptible to double, multiple, or otherwise inconsistent

18  obligations without "complete relief" as required by Rule 19(a).  Without Trigg in this

19  case, even if Dr. Elmo were to prevail in this action, there would be no bar to Trigg

20  bringing her own copyright infringement claim against Canning for the very same

21  conduct Canning is accused of in the SASC.  Trigg's settlement with Dr. Elmo–a

22  settlement agreement to which Canning is not a party–and later dismissal does not

23  resolve the problem originally ruled on by this Court when it dismissed Dr. Elmo's

24  previous complaint for lack of necessary party.  And Dr. Elmo's attorneys, when asked,

25  have not pointed out a single document or rule of law which would somehow now

26  change Trigg's indispensible status.  Declaration of Nicholas Mancuso at ¶ 2-3.  Because

27  of Trigg's dismissal, Canning has once again become susceptible to the same multiple

28  obligations that Rule 19(a) and this Court sought to avoid.

1

**V.      CONCLUSION**

2        This Court has already dismissed this case for failure to join Trigg.  After this

3   Court ruled, Dr. Elmo joined and then later dismissed Trigg with prejudice.  Trigg cannot

4   be rejoined.  This Court should dismiss the SASC with prejudice.

5

    Dated: November 10, 2011                    THE LANIER LAW FIRM, P.C.

6

7

                                         By: */s/ Nicholas S. Mancuso*
8                                            Christopher D. Banys      SBN: 230038
                                             Daniel M. Shafer          SBN: 244839
9                                            Nicholas S. Mancuso       SBN: 271668

10                                           Attorneys for Defendant
                                             AUBREY CANNING, JR.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28