UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELMO SHROPSHIRE, d/b/a ELMO PUBLISHING,<br><br>Plaintiff,<br>v.<br><br>AUBREY CANNING, JR.,<br><br>Defendant. | Case No.: 10-CV-01941-LHK<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT |

"Grandma Got Run Over By A Reindeer" is a holiday song, written by Randy Brooks in 1979, and performed by Elmo Shropshire ("Shropshire" or "Plaintiff") and Patsy Trigg ("Trigg"). In this copyright infringement suit, Plaintiff claims that he co-owns the copyright to the musical composition of the song and that Defendant Aubrey Canning, Jr. ("Canning" or "Defendant") uploaded, and failed to remove, an infringing video on YouTube. Presently before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join necessary parties. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument and hereby VACATES the hearing scheduled for January 5, 2012. Having considered the submissions of the parties and the relevant law, the Court hereby DENIES Defendant's motion to dismiss.

**I. BACKGROUND**

1

Case No.: 10-CV-01941-LHK
ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT

### A. Relevant Facts

The relevant facts of this case are set forth in the Court's November 10, 2011 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, *see* ECF No. 85, and therefore will only be briefly summarized here. The following facts are taken from Plaintiff's Second Amended Complaint (SAC) and are taken as true for purposes of ruling on this motion to dismiss.

Plaintiff is best known for his performance of "Grandma Got Run Over By A Reindeer" (the "Grandma Song"), a song written by Randy Brooks in 1979. SAC ¶ 11. Plaintiff d/b/a Elmo Publishing and Patsy Trigg d/b/a Kris Publishing are co-owners of the copyright to the underlying musical composition, which was registered with the Copyright Office on December 27, 1979. *Id.* ¶ 12 & Exs. 2-3. Plaintiff and Kris Publishing each own 50% of the copyright. *Id.* ¶ 12 & Ex. 3. Pursuant to the terms of a 1996 "Exclusive Copyright Administration Agreement" ("Administration Agreement"), BMG Rights Management ("BMG") is the exclusive copyright administrator of the Grandma Song for Elmo Publishing and Kris Publishing. *Id.* ¶ 13 & Ex. 4. According to the Administration Agreement, BMG is authorized to grant licenses to use the Grandma Song upon the consent or non-objection of both Plaintiff and Kris Publishing. *Id.* ¶ 15. BMG serves as the tie-breaker vote if the co-owners disagree about whether to grant a particular license. *Id.* The "royalties, monies, and all other compensation" from the Grandma Song, after costs, are divided among BMG, which receives 10%, the composer Randy Brooks, who receives 45%, and Plaintiff and Kris Publishing, who each receive 22.5%. *Id.* ¶ 17.

In or about December 2007, Defendant posted a video on YouTube, which combined Christmas-related pictures with audio of a Canadian musical group, "The Irish Rovers," singing the Grandma Song. *Id.* ¶ 18. Plaintiff contacted Defendant informing him that his unlicensed video infringed on Plaintiff's copyright and requesting that he remove the video from YouTube. *Id.* ¶ 42. When Defendant did not remove the video, Plaintiff then filed a Copyright Infringement Notification with YouTube pursuant to 17 U.S.C. § 512(c), requesting removal of Defendant's video. *Id.* ¶ 50. YouTube removed the video, but then reinstated it shortly thereafter upon Defendant's filing of a counter-notice with YouTube, in which he stated that "no part of my

2

Grandma video is a copy of any original work made by [the Plaintiff]," and that he had a "good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled." *Id.* ¶¶ 52-53, 58, Ex. 1.

### B. Procedural History

Plaintiff filed his original complaint against Defendant and YouTube, Inc. alleging copyright infringement under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, on May 3, 2010. *See* ECF No. 1. Plaintiff voluntarily dismissed YouTube, Inc. from this litigation on June 4, 2010. *See* ECF No. 6. On June 23, 2010, Defendant contacted Patsy Trigg d/b/a Kris Publishing, co-owner of the asserted copyright, and obtained from Trigg a Verified Notice of Authorization granting Defendant permission to use the song and/or waiver of the infringement claims asserted against Defendant by Plaintiff. *See* Joint Case Management Statement, filed August 18, 2011, ECF No. 86 at 2. On September 21, 2010, Trigg sent a notarized statement to the Court informing the Court of her refusal to join in this action or otherwise enforce the asserted copyright against Defendant. *Id.*; *see also* SAC ¶ 68; ECF No. 30 (Trigg's letter).

On October 18, 2010, Plaintiff filed a First Amended Complaint (FAC), adding a claim of direct copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 106. *See* ECF No. 33. Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7). This Court granted Defendant's motion to dismiss the FAC on January 11, 2011, with leave to amend. *See* ECF No. 60. The Court dismissed Plaintiff's copyright infringement claim for failure to identify any act of infringement that occurred entirely within the United States, and dismissed Plaintiff's DMCA misrepresentation claim for failure to state a claim and for failure to join Patsy Trigg d/b/a Kris Publishing. *See* Order Granting Defendant's Motion to Dismiss, January 11, 2011 ("January 11, 2011 Order"), ECF No. 60.

Plaintiff filed the operative SAC on February 10, 2011, against Defendant and Patricia Trigg, d/b/a Kris Publishing. *See* ECF No. 61. The SAC includes three claims: (1) copyright infringement against Defendant; (2) misrepresentation under the DMCA, 17 U.S.C. § 512, against Defendant; and (3) declaratory relief against Defendant and Trigg. Specifically, Plaintiff seeks a declaration of his, Trigg's, and Defendant's rights with respect to Defendant's alleged copyright

3

Case No.: 10-CV-01941-LHK
ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  infringement and misrepresentation under the DMCA.  SAC ¶¶ 70-73.  Defendant filed a Motion to
2  Dismiss the SAC pursuant to Rules 12(b)(1) and 12(b)(6), which the Court granted in part and
3  denied in part on August 22, 2011.  *See* Motion to Dismiss Plaintiff's Second Amended Complaint,
4  filed March 17, 2011, ECF No. 68; Order Granting in Part and Denying in Part Defendant's
5  Motion to Dismiss Plaintiff's Second Amended Complaint, August 22, 2011, ECF No. 85.
6  Defendant answered the SAC on September 14, 2011.  *See* ECF No. 93.

7        A case management conference was held on August 25, 2011, at which the parties informed
8  the Court that they expected to reach a settlement dismissing Trigg from the case.  Accordingly, the
9  Court issued a Case Management Order ordering the parties to file a stipulation of dismissal with
10 respect to Trigg.  *See* ECF No. 87.  Plaintiff and Trigg filed a stipulation to dismiss with prejudice
11 all claims asserted by Plaintiff against Trigg, *see* ECF No. 94, which the Court approved on
12 October 7, 2011, *see* ECF No. 95.

13       Defendant subsequently filed the instant motion to dismiss pursuant to Rule 12(b)(7) on
14 November 10, 2011, arguing that this action must be dismissed for failure to join Trigg, whose
15 interests must be protected, and whose nonjoinder in this suit exposes Defendant to multiple suits
16 and potentially inconsistent obligations.  *See* Br. at 3.

17 **II. LEGAL STANDARD**

18       A motion to dismiss based on Rule 19 requires the court to engage in three successive
19 inquiries.  *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010) ("*Peabody II*").
20 First, the Court must determine whether an absent nonparty should be "required to be joined if
21 feasible" under Rule 19(a).  *Id.*  A nonparty who satisfies Rule 19(a) is deemed "necessary," in the
22 sense that such person's joinder is "desirable in the interests of just adjudication." *EEOC v.*
23 *Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody I*") (internal quotation marks
24 and citations omitted).  The Court "must determine whether the absent party has a legally protected
25 interest in the suit," and if so, whether "that interest will be impaired or impeded by the suit."
26 *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  In relevant part, Rule 19(a)
27 provides that:
28

4
Case No.: 10-CV-01941-LHK
ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). However, "'[t]here is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). . . . The determination is heavily influenced by the facts and circumstances of each case.'" *Peabody II*, 610 F.3d at 1081 (quoting *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) (internal citations omitted)).

If the nonparty meets the requirements of Rule 19(a), the second step requires the Court to determine whether it is feasible to order that the absentee be joined. *Id.* at 1078. Joinder is not feasible, for example, when venue is improper, when the absentee is not subject to personal jurisdiction, or when joinder would destroy subject matter jurisdiction. *Peabody I*, 400 F.3d at 779.

Finally, if joinder is not feasible, the Court must proceed to the third step, determining under Rule 19(b) "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In conducting its Rule 19(b) analysis, the Court should consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id*. As recently summarized by the Ninth Circuit, an "indispensable party" whose absence from the case requires dismissal "is one who not only has an interest in the controversy, but has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving

the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Peabody II*, 610 F.3d at 1078.

### III. DISCUSSION

#### A. Whether Defendant's Motion is Procedurally Barred by Rule 12(g)(2)

As a preliminary matter, the Court first addresses Plaintiff's argument that Defendant is procedurally barred by Rules 12(g)(2) and 12(h)(2) from bringing this Rule 12(b)(7) motion. *See* Opp'n at 3. Rule 12(g) prohibits a party from bringing successive motions to dismiss that raise a defense or objection available to the party but omitted from its earlier motion, except as provided in Rule 12(h)(2) or (3). Fed. R. Civ. P. 12(g)(2). Plaintiff argues that Defendant waived his Rule 19 argument for dismissal by failing to raise it in his first motion to dismiss the SAC, filed March 17, 2011, and by failing to raise it before filing his answer to the SAC on September 14, 2011.

However, at the time Defendant filed his first motion to dismiss the SAC pursuant to Rules 12(b)(1) and 12(b)(6), and at the time Defendant served his answer to the SAC, Trigg was still a party to this action. Thus, the Rule 19 ground for dismissal that he raises now was not available to him at the time of his previously filed motion to dismiss, and Rule 12(g)(2) is therefore inapplicable.

#### B. Whether Kris Publishing is a Necessary or Indispensable Party Under Rule 19

Defendant moves to dismiss under Rule 12(b)(7) for failure to join a necessary and indispensable party pursuant to Rule 19(a). Rule 19(a) requires joinder of persons whose absence would preclude the grant of complete relief or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. *See* Fed. R. Civ. P. 19(a). Defendant argues that, although Trigg was added as a defendant in the SAC, Plaintiff and Trigg then stipulated to her dismissal with prejudice based on a settlement agreement to which Defendant was not a party. Defendant argues that, as a result, he is now in the exact same position he would have been, had Trigg never been added as a party to the SAC at all, with the exception that leave to amend is now futile because the dismissal of Trigg was with prejudice and therefore her nonjoinder cannot be cured. Br. at 3. Defendant argues that this Court's January 11,

6

2011 Order requiring joinder of Trigg as a necessary party is the law of the case and that the issue therefore need not be re-litigated.

Defendant's argument is untenable. The Court's previous Order requiring Trigg's joinder does not now require dismissal for failure to maintain Trigg in the action because circumstances have changed. "[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988). The doctrine of the law of the case, however, is discretionary, and does not apply if "(1) the first decision was clearly erroneous; (2) there has been an intervening change in the law; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009) (citing *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)).[1] Contrary to Defendant's assertion that "there has been no change in law or fact between now and the initial ruling by this Court," Reply at 4, the circumstances surrounding Defendant's instant motion are radically different from those existing at the time of his motion to dismiss the FAC.

As the Court noted in its January 11, 2011 Order, Plaintiff's FAC did not include sufficient allegations establishing the relationship between Plaintiff and Kris Publishing with regard to their co-ownership of the copyright to the Grandma Song. Based on the bare factual allegations in the FAC, the Court determined that Kris Publishing "has a legally protected interest in the subject of this suit and should be joined as a necessary party." ECF No. 60 at 12. The Court noted two concerns favoring joinder of Kris Publishing. First, "[i]f Plaintiff were to receive any monetary judgment for Defendant's alleged copyright infringement, Kris Publishing would be entitled to its share of the proceeds." *Id.* at 11. Second, "without Kris Publishing's participation in this action, Defendant would be subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because "even if Defendant ultimately prevails in this action, there is no

---

[1] Moreover, it appears to be unsettled in the Ninth Circuit whether the law of the case doctrine restricts a district court's ability to reconsider its own, as opposed to another court's, rulings prior to final judgment. *See Mark H. v. Lemahieu*, 513 F.3d 922, 932 n.8 (9th Cir. 2008) (noting a conflict of authority in the circuit and declining to answer the question).

7
Case No.: 10-CV-01941-LHK
ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  bar to Kris Publishing bringing its own copyright infringement claims against Defendant for the
2  same conduct." *Id.* at 11-12.
3        Those concerns are no longer present because Trigg was already joined in this action. The
4  purpose of the joinder rule is to "'preserve the right of parties 'to make known their interests and
5  legal theories,'" which flows from the concept that "[j]ust adjudication of claims requires that
6  courts protect a party's right to be heard and to participate in adjudication of a claimed interest,
7  even if the dispute is ultimately resolved to the detriment of that party." *Shermoen v. United*
8  *States*, 982 F.2d 1312, 1317 (9th Cir. 1992). Thus, in *Altmann v. Republic of Austria*, 317 F.3d 954
9  (9th Cir. 2002), the Ninth Circuit held that co-heirs of an alleged stolen painting were not necessary
10 parties to the litigation requiring dismissal under Rule 19 absent their joinder because "all
11 necessary parties are aware of the litigation and have chosen not to claim an interest." 317 F.3d at
12 971. The Court explained that "[j]oinder is 'contingent . . . upon an initial requirement that the
13 absent party *claim* a legally protected interest relating to the subject matter of action.'" *Id.* (quoting
14 *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)) (emphasis in
15 *Altmann*); *see also Shermoen*, 982 F.2d at 1317 ("[T]he finding that a party is necessary to the
16 action is predicated only on that party having a *claim* to an interest." (emphasis in original)). Thus,
17 "[w]here a party is aware of an action and chooses not to claim an interest, the district court does
18 not err by holding that joinder was 'unnecessary.'" *Altmann*, 317 F.3d at 971 (quoting *United*
19 *States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)).
20       Here, the purpose of the joinder rule was satisfied when Plaintiff complied with the Court's
21 January 11, 2011 Order by filing the instant SAC naming Trigg as a defendant. Trigg was joined
22 in this action and had the opportunity to "make known [her] interests and legal theories."
23 *Shermoen*, 982 F.2d at 1317. Trigg was given the opportunity but refused to be joined as a plaintiff
24 and chose not to claim an interest in the litigation. Accordingly, Trigg has already relinquished her
25 interest in the litigation, and thus, Defendant is not exposed to "a substantial risk of incurring
26 double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P.
27 19(a)(1)(B); *cf. Chicago Title Ins. Co. v. Prosch*, 2011 WL 250421, at *7 & n.3 (S.D. Ala. Jan. 26,
28 2011) (denying Rule 12(b)(7) motion where alleged indispensable party was originally named as a

8
Case No.: 10-CV-01941-LHK
ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS SECOND AMENDED COMPLAINT

defendant in the lawsuit and did not assert any claim or interest before ultimately being dismissed from the suit by stipulation). Moreover, unlike the FAC, the SAC includes specific factual allegations regarding the distribution of proceeds from the Grandma Song among Plaintiff, Kris Publishing, BMG, and Randy Brooks. Thus, Plaintiff has cured the pleading deficiencies that initially concerned the Court and has properly cabined his actual damages claim. The Court is no longer concerned that it is unable to accord complete relief among the remaining parties in Trigg's absence.

Under the present circumstances, Defendant has not met his burden of showing why Trigg is a necessary party. *See Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1022 (9th Cir. 2002) (party seeking dismissal bears the burden of showing that the unjoined party is necessary). Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(7) is DENIED.

### C. Whether Defendant is Equitably Estopped from Bringing This Motion

Plaintiff argues in the alternative that, irrespective of the merits of the Rule 19 analysis, Defendant should be equitably estopped from bringing a Rule 12(b)(7) motion based on Defendant's own actions in stipulating to an extension of time for Kris Publishing to answer the SAC and declining to settle with Trigg on terms of a full release. Opp'n at 6. Because the Court concludes that Trigg is not a necessary party whose participation in this lawsuit is required going forward, the Court need not decide this question. Nonetheless, the Court notes that "the district court has discretion to consider the timeliness of [a Rule 12(b)(7)] motion if it appears that the defendant is interposing that motion for its own defensive purposes, rather than to protect the absent party's interests." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 896 (9th Cir. 1996) (holding that district court did not abuse its discretion in declining to consider an untimely filed Rule 12(b)(7) motion before ruling on a motion for summary judgment). Here, prior to Plaintiff's dismissal of Trigg with prejudice, Defendant had the opportunity yet failed to raise potential concerns regarding any impact Trigg's dismissal might have on the Court's ability to accord complete relief among the remaining parties. Defendant not only was on notice of Plaintiff's intent to dismiss Trigg, but also was privy to the terms of the settlement agreement, which apparently included a full release. Furthermore, Defendant declined to be a party to the

9

settlement while stating that he did not object to its terms. Far from alerting the Court of his potential Rule 19 concerns, Defendant joined Plaintiff in submitting a Joint Case Management Statement stating that "[t]he parties expect that a settlement [with Trigg] will be reached, and Ms. Trig dismissed from this lawsuit." ECF No. 82 at 2 n.1. To the extent Defendant was concerned that Trigg's dismissal would impair his interests and expose him to multiple or inconsistent obligations, Defendant should have raised this issue earlier. By failing to raise any Rule 19 issues prior to Trigg's dismissal and then filing the instant motion, Defendant appears to be using Rule 19 to engage in gamesmanship. The joinder rule was not designed for such purposes, and abuse of the rule will not be condoned. *See Shermoen*, 982 F.2d at 1317 (instructing that "[t]he inquiry [under Rule 19] is a practical one and fact specific, and is designed to avoid the harsh results of rigid application" (quoting *Makah Indian Tribe*, 910 F.2d at 558).

## IV. CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(7) Motion to Dismiss the SAC is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2012

_____
LUCY H. KOH
United States District Judge